RICE ET AL. *v.* ROBINSON LUMBER CO. ET AL.

[70 South. 817.]

1. LOGS AND LOGGING. *Grant of timber right. Construction. Appeal and error. Review. Findings.*

Where a deed after conveying the pine timber on the land, further provides: "For the consideration we hereby also sell and convey to the said lumber company a right of way over, through, and across the said land for the purpose of building, maintaining and operating logging roads, dirt roads, tramroads and dummy roads for the purpose of moving said timber. For the same consideration, we likewise convey and grant to the said lumber company a right of ingress and egress to go upon and over said land for the purpose of removing the said tim-

ber at any and all times from the date hereof not to exceed, however, eight years from the date of this deed." Such a deed did not authorize the grantee to build a logging road across the land for the purpose of hauling timber from other land.

2. APPEAL AND ERROR. *Review. Findings.*

The findings of a chancellor, in a suit to enjoin an action for damages from the maintenance of a logging road, that the owner of land was not damaged is not conclusive, on appeal, since the owner of the land is entitled to compensation for the use of the right of way over the land in addition to damages done in digging the ditches through his lands, fields and crops.

APPEAL from the chancery court of Amite county.
HON. R. W. CUTRER, Chancellor.

Suit by W. L. Robinson Lumber Company against M. O. Rice and others. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*Geo. Butler* and *C. T. Gordon,* for appellant.

*R. S. Stewart* and *J. T. Lowery,* for appellee.

HOLDEN, J., delivered the opinion of the court.

In June, 1910, the W. L. Robinson Lumber Company, appellee here and complainant in the chancery court below, purchased from M. O. Rice *et al.,* appellants here and defendants in the court below, all of the pine timber and merchantable pine trees on two hundred and forty acres of land in Amite county. Appellants executed and delivered to appellees a deed, which reads as follows:

"For and in consideration of the sum of two hundred and sixty-two dollars and fifty cents cash in hand to us paid, the receipt whereof is hereby acknowledged, we hereby sell, warrant and convey unto the W. L. Robinson Lumber Company, all the pine timber and merchantable pine trees, lying, standing, and growing upon the following land, lying and being in the county of Amite, state of Mississippi, to wit: South half of the north-west quar-

ter, west half, of the south-east quarter and the south-west quarter of the north-east quarter and the north-east quarter of the south-west quarter being the same land belonging to the R. J. Rice estate.   For the consideration we hereby also sell and convey to the said lumber company, a right of way over, through, and across the said land for the purpose of building, maintaining and operating logging roads, dirt roads, tramroads, dummy roads for the purpose of moving said timber.   For the same consideration we likewise convey and grant to the said Robinson Lumber Company a right of ingress and egress to go upon and over said land for the purpose of removing the said timber at any and all times from the date hereof, not to exceed however, eight years from the date of this deed.''

All of the timber purchased by the lumber company was situated on the west side of this tract of land, and the lumber company acquired and owned other timber north of this land and through which timber it had constructed a spur for its logging railroad. During the fall of 1910 the lumber company cut and removed practically all of the timber off of the appellant Rice's land, hauling it to the said spur track upon which it was transported west to its mill at Gloster, Miss. Afterwards, the lumber company, having acquired other timber east of the Rice land, entered upon the property purchased from appellants, and constructed a logging railroad extending from the west side to the east side of this tract of land, passing through three forty acre tracts, and through the main body of the cultivated land of appellants, but through none of the timber purchased from appellants on the said land.   In constructing this logging railroad, the lumber company dug trenches through the fields, injuring the crops, and otherwise damaging and impairing the usefulness of the land. The lumber company used this logging railroad as   its main line over appellant's land for the purpose of hauling timber from the lands east of the Rice tract, where it had other large timber holdings, but did not use it for the pur-

pose of removing the timber from the Rice land as provid-
ed in the deed. Some time after the lumber company
had been operating its main logging railroad over the
land of appellants, and hauling the timber, not from the
Rice land, but from the lands owned by the lumber Com-
pany east of the Rice lands, the appellant, believing that
they had a cause of action for trespass and damages,
filed a suit in the circuit court, seeking to recover dam-
ages against the appellee lumber company. Whereupon
the lumber company sued out a writ of injunction in the
chancery court, alleging in its bill that there was an error
in the description of the land in the deed, conveying the
said timber from Rice to the lumber company, and asking
its correction, and to restrain appellants in the circuit
court case. At the hearing of the bill by the chancellor
the error in the deed was corrected so as to properly de-
scribe the land upon which the timber sold by Rice to
the lumber company was located, and the deed appears
here in its corrected form. The chancellor further de-
creed that the injunction be made perpetual, forbidding
the appellants proceeding further in the case at law.
From the decree of the chancery court this appeal is
taken.

We find no trouble here in construing the deed, as it is
plain and unambiguous in its terms. The intention of the
parties is easily ascertained by a careful perusal of the
instrument. After conveying the pine timber on the land,
the deed further provides that:

"For the consideration we hereby also sell and convey
to said lumber company a right of way over, through, and
across the said land for the purpose of building, maintain-
ing, and operating logging roads, dirt roads, tramroads,
dummy roads for the purpose of moving said timber. For
the same consideration we likewise convey and grant to
the said Robinson Lumber Company a right of ingress
and egress to go upon and over said land for the purpose
of removing the said timber at any and all times from the

date hereof not to exceed, however, eight years from the date of this deed.''

It will be observed that the latter clauses of the deed limit the use to the operation of a logging railroad over the land by the lumber company for the purpose (only) of removing the pine timber and merchantable pine trees thereon, and that the grant of the easement was not for the purpose of using it as a logging railroad by which the lumber company might reach its other timber holdings east of this Rice tract of land, and haul its timber from there on its logging railroad over and across the Rice land west to its mill at Gloster for a period of eight years.

''If a certain use is plainly and exclusively within the language of a grant, the purpose as expressed will be effectuated without looking to any extrinsic circumstances. to determine the intention of the parties.'' *Wilczinski*. v.*Railroad Co.*, 66 Miss. 595, 6 So. 709; 14 Cyc. 1201, 1206; 10 Am. & Eng. 428 and notes; 23 Am. & Eng. 24.

The whole testimony in this case shows that the appellee lumber company exceeded the terms of the grant in the deed by using the right of way for another and differ ent purpose than that contemplated and intended by the parties to the deed. It appears from this record that the lumber company made very little pretense of using this logging railroad for the purpose of hauling timber from the Rice land, as practically all of this timber had been previously removed over the spur track north of it.

It seems to be the contention of the lumber company, appellee here, that this deed grants a use of the land for any and all purposes of a logging railroad for a period of eight years. This contention is untenable under the terms of the deed. The lumber company had eight years in which to commence and remove the timber, on the Rice land, but nothing more. And in no view of the case would the lumber company be warranted in occupying the land, under this deed, with its main line of logging railroad for the purpose not of removing the timber that it pur-

chased from appellant, but for the purpose of hauling the timber from other lands acquired by it east of the Rice land.

The lumber company, through it counsel, urges here that the decree of the chancellor is conclusive, inasmuch as the chancellor passed upon the facts in the case and found that the appellants were not damaged by the lumber company's construction and use of its line of logging railroad across the Rice land. We cannot, for several reasons, agree that this position is sound. Aside from the damage done by the lumber company in digging the ditches through the land, fields and crops of the appellants, we think that the appellants would be entitled to compensation for the use of the right of way over the land, if used for purposes other than those granted by the deed. We find no error of the chancellor in correcting the description in the deed, and this portion of the decree of the court below is affirmed, but he erred in legally construing the deed, and so the remaining part of the decree is reversed, the injunction dissolved, and the cause remanded.

*Reversed.*